## B. B. KNIGHT & Co. *v.* RICHMOND & CARR.

By the Statutes of Rhode Island, the property of a qualified elector is privileged from attachment on election day, and on the day preceding and following.

ASSUMPSIT. The defendant pleaded in abatement to the writ, "that said writ in said action is dated the 3d day of April, 1850, as a writ of arrest, commanding the officer charged with the service thereof to arrest the body of said defendant, and that the said writ is pretended to be served on the third day of April, 1850, by the attachment of the goods and chattels, returned in the officer's return on the back thereof, and not at any other time or in any other manner, and that at the time of the pre-

tended service thereof, to wit, on the third day of April, 1850, said defendant was an inhabitant of the town of Westerly in the county of Washington, in said State, and then qualified and entitled to vote on the day of election for the choice of city or town officers, and the election for state officers, representatives to Congress, or the electors of President and Vice President of the United States, and said writ was pretended to be served on the third day of April, 1850, and not at any other time, and said third day of April, 1850, was a day of election for State officers, and this he is ready to verify, &c."

To this plea the defendant demurred.

*Dixon* in support of the demurrer contended, that the statute merely declared the person of the elector exempt from arrest, and although his property could only be attached upon a writ of arrest, yet the freedom from arrest was a privilege which the defendant might either claim or waive, so that the service of the writ would not be absolutely void if made upon his person, and if he was not within the precinct of the officer to protect his property by his person, there was nothing in the statutes to exempt it from attachment.

*Potter*, contra, contended that the right to attach only accrued when the plaintiff was deprived of the right to arrest by the absence of the debtor, and that his absence upon election day did not deprive the plaintiff of that right, because on that day he had no such right. The writ commands the officer to arrest the body of the defendant, or for the want of his body to attach his goods and chattels. An arrest would be illegal, and a right to do a legal act cannot be dependent upon the inability to

do an illegal act? The absence of the defendant could not give the right to do one of two things, both of which would have been illegal if he had been present? The object of the statute was not merely to confer a personal privilege, but to protect the citizen in the exercise of a political right, and should be sustained upon grounds of public policy.

*By the Court.* (Greene, C. J. and Brayton, J.) By the 39th section of "An act to regulate the election of civil officers," it is provided that "all persons entitled to vote shall be protected from arrest in civil cases on the days of election for the choice of city or town officers, and the election for State officers, representatives to Congress, or the electors of President and Vice President of the United States; and on the day preceding and the day following such election." By the third section of "An act prescribing the forms of writs and the manner of serving them," it is made the duty of the officer to whom a writ of arrest is delivered for service, to use his best endeavors to arrest the body of the defendant, but if such officer cannot find the body of the defendant within his precinct he is directed to attach his goods and chattels. The right to attach the goods and chattels of the debtor is contingent upon the sheriff's not finding the body after diligent search, and presupposes that the body can be arrested, if found. It is the right of the creditor to arrest the body of the debtor, if found, and it is the loss of this remedy, in consequence of the inability of the sheriff to find the body, that gives the creditor the right to attach the goods of the debtor. The search for the body of the debtor by the sheriff is for the purpose of arresting him, and can confer no right when the debtor, if found, could

not be arrested. Such a search, if made for the purpose of arresting, would be for an unlawful purpose, and, if not made for such purpose, would be of no avail. This protection to the debtor's property results from the section of the collection law to which we have adverted. The construction contended for by the plaintiffs' counsel would make that section of the same effect as if it provided that the goods of the debtor might be attached when his body could not be found, whether the body is liable to arrest or not.

Haile, J. dissenting. From the best reflection I have been able to give to this case, I am constrained to differ from a majority of the Court. It is said, that to have arrested the defendant would have been illegal ; and inasmuch as the attachment could only be made by a writ of arrest, and as an alternative for the arrest, therefore, the attachment must itself be illegal. In my opinion, the statute confers only a personal privilege, and does not protect property from attachment. The arrest itself would not be illegal, but it is at the option of the defendant to claim or waive his privilege ; if he claim it, the Court will see that it is secured to him, but if he does not claim it, judgment rendered on process so served is valid.

But if the construction of the majority of the Court be correct, the proceedings would be void throughout. The defendant at the time of the service of the writ, was out of the State, and the contingency had, therefore, happened in which the officer, by the provisions of the statute and the express terms of the writ, was bound to attach the property of the defendant ; nor could the officer officially know, that the person of the defendant was privileged from arrest. And it could not, I think, have been the

intention of the Legislature, that the voluntary act of the defendant placing himself beyond the jurisdiction of the Court, should exempt his property from attachment.

It has been said, there is a county in this State in which the inhabitants of one part could not get to the place of voting without passing through another county ; and that the creditor, if my view be correct, might watch his chances, and, the moment the debtor crossed the line, attach his property. But such an attachment would be fraudulent ; and the moment the fact were legally brought before the Court, would be declared void.

A similar construction has been given to the law protecting suitors in court and their witnesses from arrest. If their privilege is violated, such violation must be made known to the Court, or it is waived. I am also of the opinion, that the defendant was not entitled to this immunity. To make him a qualified elector, in addition to his other qualification, he must have been in a situation where he could vote and in the place where he was entitled to vote. But it appears that the defendant was out of the county and out of the State. The debtor's personal property is protected from attachment on original writ only while he is within the county, and his real estate while he is within the State. Taking, therefore, the language of the statute and the analogies of the law, although I feel great distrust of my own judgment when it does not accord with that of my brethren, I am forced to the conclusion that this attachment is void.

*Demurrer allowed.*